THE REPUBLIC FIRE INSURANCE COMPANY, APPELLANT, *v.* THOMAS B. KEOGH, RESPONDENT, IMPLEADED, ETC., AND THE BANK OF NEW HANOVER AND OTHERS, DEFENDANTS AND APPELLANTS

THE GERMANIA FIRE INSURANCE COMPANY, APPELLANT, *v.* THE SAME, RESPONDENT.

THE NIAGARA FIRE INSURANCE COMPANY, APPELLANT, *v.* THE SAME, RESPONDENT.

THE HANOVER FIRE INSURANCE COMPANY, APPELLANT, *v.* THE SAME, RESPONDENT.

*Action of interpleader — when it cannot be removed into the United States courts.*

This action was brought by an insurance company to compel persons who had recovered a judgment against it, to interplead with others who claimed to be assignees of or to have acquired liens upon the said judgment. The plaintiff, the judgment-creditors and all of the defendants except two, were residents of this State.

*Held,* that the action could not, upon the petition of one of the non-resident defendants, be removed to the United States District Court under the act of congress passed in 1875. (Sec. 2 of chap. 139.)

APPEALS from orders entered at Special Term, granting motions made by the respondent to remove the actions to the Circuit Court of the United States for the Southern District of New York

The actions, which were all of the same nature, were brought to compel an interpleader, and grew out of the following facts:

In the month of February, 1880, certain actions brought in this court by the defendants Brink and Estes against the Republic, Germania, Niagara and Hanover Fire Insurance Companies were finally terminated. After long litigation the Court of Appeals affirmed the judgments of the Supreme Court in favor of the plaintiffs.

It appears from the pleadings that, pending the litigations, the defendant Brink assigned his interest in the causes of action to the defendant The Bank of New Hanover, a citizen of North Carolina; and the defendant Estes assigned his interest to the defendants Williams and Black. The defendants Blossom, Keogh (a citizen of North Carolina) and Van Volkenburg respectively commenced actions in this court against the defendant Estes, and caused warrants of attachment to issue by virtue whereof the defendants O'Brien, late sheriff, Reilly, late sheriff, and Bowe, sheriff, levied upon Estes' interest in the causes of action referred to. The defendants Hatch and McDonald were the attorneys for Brink and Estes in the original actions, and a controversy arose between them and their clients as to the amount of their fees, and notices were served by them and their clients on the companies not to pay over the fund to the other.

In October, 1880, the defendant Keogh filed a petition and bond with the court to remove the actions into the United States Circuit Court for the Southern District of New York, and obtained an order removing said actions unless the other parties to the actions showed cause, at an appointed time, why they should not be removed. On the return day of the order to show cause, the motion was argued and afterward decided by the learned justice, who made an order removing the actions on the ground that they involved a controversy which was wholly between citizens of different States and which could be fully determined as between them.

*Geo. W. Cotterill*, for the plaintiffs, appellants

*L. H. Arnold, Jr.*, for the defendants, appellants, the Bank of New Hanover and Williams, Black & Williams.

*Chamberlain, Carter & Eaton*, for the respondent.

BARRETT, J.:

We do not think that a case was made for the removal of these actions. It does not fall within section 2 of chapter 139 of the act of congress passed March 3, 1875, for the reason that the essential controversy is between the plaintiffs and the defendants, and the latter are not all citizens of different States from the former. The actions are in the nature of interpleaders, and the main question to be determined is, whether the suits are rightly brought. That is the primary issue upon the pleadings. The rights of the co-defendants, as between each other, may never become a subject of adjudication in these actions. There is, in fact, no present controversy in the actions as between these co-defendants. The only existing issue is the direct one, between the plaintiffs and defendants, namely, whether the plaintiffs are entitled to relief by way of interpleader?

The court may ultimately dismiss the complaints. It may find that the facts averred are not proved, or it may hold, as matter of law upon the conceded or established facts, that a case for an interpleader has not been made out. If, however, the right to an interpleader be sustained, the court may then direct an issue as between these co-defendants. Until such time has arrived, there cannot be said to be any controversy except as to the plaintiff's right. But even as between the co-defendants it is apparent upon the papers, that whatever controversy may ultimately arise will be mainly between citizens of the same State.

There may possibly be a single controversy between citizens of different States; but such controversy will be incidental.

It is not within the spirit of the act of removal to permit such actions as these, with their numerous parties and conflicting interests, to be carried into the Federal forum, merely because a single incidental issue may arise between two of the defendants who are citizens of different States. As it appeared upon the face of the

papers that the causes were not within the removal act, the court had no power to make the order. For that reason such order is appealable, and the appellants were not bound to apply to the Circuit Court of the United States to remand the causes.

The orders should be reversed, with ten dollars costs and disbursements in each case, and the motions denied.

DAVIS, P. J., and BRADY, J., concurred.

So ordered.